

DMB:JJT:nz

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE S. WORKINGER,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:   NO. 1:01-CV-130
　　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
WILLIAM J. HENDERSON,　　　　　　　:   (KANE, J.)
POSTMASTER GENERAL, U.S. POSTAL　　:
SERVICE, ALLEGHENY AREA,　　　　　 :
　　　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　　:

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT

I.   PROCEDURAL HISTORY

George S. Workinger is a former probationary employee of the United States Postal Service.  On January 22, 2001, he filed a Complaint against the Postmaster General, United States Postal Service.  The Complaint appears to allege age discrimination.  A Motion for a More Definite Statement was filed on behalf of the Defendant on April 13, 2001.  This brief is filed in support of that motion.

II.   QUESTION PRESENTED

Should Workinger be required to submit a more definite statement in the form of an amended complaint for violating Rule 8 of the Federal Rules of Civil Procedure?

Suggested answer in the affirmative.

### III.  ARGUMENT

**The Court Should Order Workinger to File a More Definite Statement in the Form of an Amended Complaint Which Is in Compliance with Fed. R. Civ. P. 8(a)(2) and (E).**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading set forth its claims in "short and plain" statements. Fed. R. Civ. P. 8(a).  Rule 8(e) specifically requires that <u>each</u> averment of a pleading be "simple, concise, and direct."  Fed. R. Civ. P. 8(e).

As articulated in <u>Windsor v. A Federal Executive Agency</u>, 614 F. Supp. 1255, 1257 (D.C. Tenn. 1983), "the purpose of a pleading is to state the ultimate facts constituting the claim or defense relied upon in short and plain terms without pleading the evidence in support of such facts."  <u>See also</u> <u>Ausherman v. Stump</u>, 643 F.2d 715, 716 (10th Cir. 1981)(commenting that a sixty-three page complaint containing rambling narration of the discord that had developed among the parties violated Rule 8).

Here, Workinger's Complaint violates the rules regarding the pleading of his claim.  Workinger's Complaint consists of approximately one paragraph filled with legal conclusions. Although Workinger mentions age discrimination, the averments made throughout his single paragraph do not state facts constituting the basis for the claim.[1]  It is impossible to discern from the pleading what conduct forms the basis of the age discrimination claim.  In fact, Workinger does not allege a

---

[1] Although Defendant's Motion for a More Definite Statement only references Fed. R. Civ. P. 8, technically, the Motion should have cited Rule 12(e) as well.

single discriminatory act. Likewise, the Complaint does not allege who discriminated against him or how this alleged discrimination injured him. Although a pro se complaint must be liberally construed,[2] Workinger's Complaint should not be permitted to stand because it not only conflicts with the federal rules governing civil procedure, but it fails to state a cognizable claim against Defendant. Liberally construed, the Complaint is unintelligible and improperly crafted; therefore, Defendant cannot draft an adequate response.

It is well within this Court's discretion to direct Workinger to amend his Complaint so that Defendant can understand exactly what his claims are. See Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964); Koll v. Wayzata State Bank, 397 F.2d 124, 126-27 (8th Cir. 1968). As discussed above, Workinger's Complaint is unduly vague and ambiguous. Contrary to Fed. R. Civ. P. 8(a)(2), it does not provide a short and plain statement of the claim showing Workinger is entitled to relief. Contrary to Fed. R. Civ. P. 10(b), the Complaint does not contain paragraphs which are limited as far as practicable to a statement of a single set of circumstances. The Complaint in its present form impedes Defendant's ability to frame a meaningful response or identify and assert applicable affirmative defenses.

---

[2] A pro se submission must be held to a less stringent standard than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Lewis v. Attorney General of United States, 878 F.2d 714, 722 (3d Cir. 1989); see also Haines v. Kerner, 404 U.S. 519-20 (1972)(when reviewing pro se complaint, court must construe plaintiff's factual allegations and claims liberally); Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990).

Consequently, at the least, Workinger should be directed to replead in compliance with the federal rules.[3]

## V.   CONCLUSION

For the above-stated reasons, Defendant respectfully moves this Court to direct Workinger to amend his Complaint to comply with the applicable federal rules.

                                    Respectfully submitted,

                                    DAVID M. BARASCH
                                  United States Attorney

                                  */s/ Joseph J. Terz*
                                  Joseph J. Terz
                                  Assistant U.S. Attorney
                                  228 Walnut Street, Suite 220
                                  P.O. Box 11754
                                  Harrisburg, Pennsylvania   17108
                                  (717) 221-4482

Dated:   April 30, 2001

---

[3] Alternatively, although we have not specifically asked, the Court may dismiss the Complaint without leave to amend because it is so unclear and confusing. See Lowery, 422 F. Supp. at 491-92 (a verbose, confusing, redundant complaint that has its true substance, if any, disguised may be dismissed without leave to amend); Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965)(same). See also Harris v. Anglicker, 955 F.2d 41, 41 (10th Cir. 1992)("It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal."); Nevijel v. North Coast Life Insurance Co., 651 F.2d 671 (9th Cir. 1981)(complaint that fails to state each averment simply, concisely, and directly may be dismissed with prejudice pursuant to Rule 41); Liddell v. Bd. of Educ. of City of St. Louis, Missouri, 508 F. Supp. 101, 104 (E.D. Mo. 1980)("In cases where the pleading so grossly violates the spirit behind Rule 8(e)(1), it is proper for the Court to strike the entire pleading.").

DMB:JJT:nz

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE S. WORKINGER,                :
                                    :
        Plaintiff,                  :
                                    :
                                    :  NO. 1:01-CV-130
        v.                          :
                                    :
WILLIAM J. HENDERSON,               :  (KANE, J.)
POSTMASTER GENERAL, U.S. POSTAL     :
SERVICE, ALLEGHENY AREA,            :
                                    :
        Defendant.                  :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 30th day of April, 2001, she served a copy of the attached

**DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

        George S. Workinger, Pro Se
        1170 Valley Green Road
        Etters, Pennsylvania  17319

        *Naomi Zimmerman*
        Naomi Zimmerman
        Legal Secretary

N:\NZimmerman\terz\docs\workinger more definite statement brief.wpd