MCC:JJT:nz

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE S. WORKINGER, | : |
| Plaintiff, | : |
| | : NO. 1:01-CV-130 |
| v. | : |
| | : |
| WILLIAM J. HENDERSON, | : (KANE, J.) |
| POSTMASTER GENERAL, U.S. POSTAL | : |
| SERVICE, ALLEGHENY AREA, | : |
| Defendant. | : |

FILED
HARRISBURG, PA
JAN 14 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

DEFENDANT UNITED STATES OF AMERICA'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

I. PLAINTIFF'S ALLEGATIONS.

In his Amended Complaint, Plaintiff appears to allege that on February 3, 1999, the United States Postal Service terminated his employment due to his age. See Amended Complaint, ¶¶ 2 and 2(1). Plaintiff alleges Defendant maintains he was terminated for bumping a parked vehicle on December 12, 1998. Id. at ¶ 2. The Amended Complaint does not cite to a specific statutory bases for his claims. Plaintiff's initial Complaint did cite to 29 U.S.C. § 1614.405 (federal EEO regulations) and 42 U.S.C. § 1983.

II. ARGUMENT.

A. RULE 12(b)(6) STANDARD.

In evaluating a motion to dismiss, the Court must accept all material allegations of the complaint as true and construe all

inferences in the light most favorable to the plaintiff, Pennsylvania House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991), although, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." Id. at 449-50. A case may be dismissed for failure to state a claim upon a showing that when all facts alleged by the Plaintiff are interpreted in his favor, the plaintiff has failed to state facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Even if the Court takes every fact as pleaded, the governing law still would not permit this action. Thus, for the reasons stated below, Defendant's Motion to Dismiss should be granted.

**B.    THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA").**

The Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. § 633a, provides the exclusive remedy for federal employees who allege age discrimination in employment. Purtill v. Harris, 658 F.2d 134, 137-38 (3d Cir. 1981), cert. denied, 462 U.S. 1131 (1983). Under the ADEA, a federal employee seeking redress for age discrimination may choose to either file an administrative EEO complaint and then file a civil action if he is not satisfied with his administrative remedies, or present the merits of his claim to a federal district court in the first instance. 29 U.S.C. 633a(b) and (c); Stevens v. Dept. of

(1991); <u>Purtill</u>, 658 F.2d at 138. Once a Plaintiff elects to file an administrative EEO complaint, he must exhaust his administrative remedies prior to seeking relief in federal district court. <u>Purtill</u>, 658 F.2d at 138. However, if the federal employee elects to bypass the administrative process he must first give the EEOC not less than 30 days notice of an intent to file a lawsuit and such notice must be filed within 180 days after the alleged discriminatory practice occurred. 29 U.S.C. § 633a(d); <u>See also</u> <u>Purtill</u>, 658 F.2d at 138; <u>Madden v. Runyon</u>, 899 F. Supp. 21, 223-224 (E.D. Pa 1995). If Plaintiff intended to present his claim in federal court in the first instance, there is no record that Plaintiff met any of the notice requirements of 29 U.S.C. § 633a(d).

A federal employee claiming employment discrimination must follow the administrative procedures set forth in Title 29 of the Code of Federal Regulations at Part 1614. An employee must contact an Equal Employment Opportunity ("EEO") counselor within forty-five days of the alleged discriminatory act for informal pre-complaint counseling. 29 C.F.R. § 1614.105(a).

The agency shall extend the forty-five day time limit when the individual shows that he or she was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the

counselor within the time limits, or for other reasons considered sufficient by the agency. 29 C.F.R. § 1614.105(a)(2)

The Third Circuit recognizes two equitable principles that may extend a Plaintiff's time to contact an EEO counselor; the discovery rule and equitable tolling. See <u>Oshiver v. Levin, Fishbein, Sedran, & Berman</u>, 38 F.3d 1380, 1385 (3d Cir. 1994).

In <u>Oshiver</u>, the court explained that equitable tolling may be appropriate: "1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; 2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." <u>Id.</u> at 1387. To justify tolling, a plaintiff must show that because of the defendant's deception, he could not have discovered, by reasonable diligence, the essential factual information bearing on his claim. See <u>Id.</u> at 1390. The burden is on the Plaintiff to demonstrate facts that support tolling the limitations period. See <u>Byers v. Follmer Trucking Co.</u>, 763 F.2d 599, 600-01 (3d Cir. 1985).

The discovery rule delays accrual of the statute of limitations period until the plaintiff discovers that he has been injured. <u>Oshiver</u>, 38 F.3d at 1385. According to this rule, plaintiff's claim accrues "upon awareness of actual injury, not upon awareness that the injury constituted a legal wrong." <u>Id.</u> at 1386. In sum, a claim accrues once a plaintiff

-4-

becomes aware (1) that he has been injured and (2) that the injury has been caused by another party's conduct. <u>Dixon v. Dalton</u>, 985 F. Supp. 584, 586 (E.D. Pa. 1997), <u>citing</u>, <u>Oshiver</u>, 38 F.3d at 1391; <u>Bickings v. Bethlehem Lukens Plate</u>, 82 F. Supp. 2d 402, 409 (E.D. Pa. 2000).

In this case, Plaintiff did not contact an EEO counselor until May 26, 1999. <u>See</u> EEO Counselor's Inquiry Report, Exhibit 1. The alleged discriminatory action took place on February 3, 1999. Thus, Plaintiff initiated contact with the agency's EEO office 112 days after the alleged discriminatory action took place. Plaintiff's claim is therefore time barred.

### C. <u>42 U.S.C. § 1983</u>.

Plaintiff also attempts to bring this suit under 42 U.S.C. § 1983. The exclusive remedy for federal employment discrimination claims however, lies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e <u>et</u> <u>seq.</u>, which prohibits employment discrimination based on race, color, religion, sex, or national origin. <u>Brown v. General Services Administration</u>, 425 U.S. 820, 835, 48 L. Ed. 2d 402, 96 S. Ct. 1961 (1976); <u>see also</u> <u>Owens v. United States</u>, 822 F.2d 408, 410 (3d Cir. 1987) (*per curiam*). In 1972, Congress extended this protection to federal employees under the Equal Employment Opportunity Act. <u>See</u> 42 U.S.C. § 2000e-16; <u>see also</u> <u>Brown</u>, 425

U.S. at 825. The act also sets forth an administrative and judicial enforcement system. Id. at 829. In Brown, the United States Supreme Court determined that it was the intent of Congress in amending Title VII "to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." 425 U.S. at 829. Thus, Plaintiff's exclusive federal remedy for employment discrimination is a Title VII action against the head of the relevant agency. See Brown, 425 U.S. at 835; Gissen v. Tackman, 537 F.2d 784, 786 (3d Cir. 1976)(held: federal employee barred from bringing employment discrimination claim under the Fifth and Fourteenth Amendments, as well as under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against federal officials individually and in their official capacities); Owens, 822 F.2d at 409-10 (held: under Brown, federal employee barred from bringing employment discrimination action under 42 U.S.C. § 1983 against any defendants and from bringing Title VII action against any party other than the head of the relevant agency).

As an employee of the U.S. Postal Service, Plaintiff's employment discrimination claims are governed solely by 42 U.S.C. § 2000e-16. Brown, 425 U.S. at 835. Plaintiff's employment discrimination claims alleged under 42 U.S.C. § 1983 must therefore be dismissed for failure to state a claim upon which relief can be granted. Owens, 822 F.2d at 410.

## III. CONCLUSION.

For the foregoing reasons, Defendant's Motion to Dismiss should be granted.

>     Respectfully submitted,
>
>     MARTIN C. CARLSON
>     United States Attorney
>
>     *Joseph J. Terz by Kate L. Mershimer, AUSA*
>     JOSEPH J. TERZ
>     Assistant U.S. Attorney
>     228 Walnut Street, Suite 220
>     P.O. Box 11754
>     Harrisburg, Pennsylvania 17108-1754
>     (717) 221-4482

Date: January 14, 2002

U.S. Postal Service

# EEO Counselor's Inquiry Report

Case No. 4C175005799

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Field | Value |
|---|---|
| Name (Last, First, MI) | WORKINGER, GEORGE S. |
| Social Security No. | 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 |
| Veteran's Preference | ☐ Yes ☒ No |
| Home Telephone No. | 717-938-6472 |
| Office Telephone No. | 717-774-6137 |
| Home Address | 1170 VALLEY GREEN ROAD, ETTERS, PA 17319-9490 |
| Facility Name and Address | ETTERS POST OFFICE, 53 SOUTH KEISTER STREET, ETTERS, PA 17319-9998 |
| Position Title | RURAL CARRIER ASSOCIATE |
| Grade Level | PS-05/Y |
| Finance No. | 41-2572 |
| Pay Location | 000 |
| BA Code | 4C |
| Duty Hours | |
| Days Off | |
| Tour | II |
| MSC No. | 175 |
| EEO Poster on Display | ☒ Yes ☐ No |

## Chronology of EEO Counseling

| Field | Value |
|---|---|
| Date of Incident | 02/03/99 |
| Date of Initial Contact With EEO Office | 05/26/99 |
| Date of Initial Interview | 06/04/99 |
| Date ADR Election Form Signed | |
| Date 60-Day Extension Form Signed | |
| Date Counselee Received/Signed Notice of Right to File | 07/20/99 |
| Date Counselor's Report Requested | 07/26/99 |
| Date Counselor's Report Submitted | 08/11/99 |

## Basis for Alleged Discrimination

Check and Particularize Each that Applies:

☐ 1. Race (Specify):

☐ 2. Color (Specify):

☐ 3. Religion (Specify):

☐ 4. Sex (Specify):

☐ 5. National Origin (Specify):

☒ 6. Age (Specify): 49

☐ 7. Physical Disability (Specify):

☐ 8. Mental Disability (Specify):

☐ 9. Retaliation (Specify Cited Prior EEO Activity):

GOVERNMENT EXHIBIT 1

Allegation(s) of Discrimination:

Complainant alleged that [1] another employee was offered and given employment over him even though his RCA test scores were higher and each had equal seniority status; and [2] He was separated from the Postal Service, effective February 3, 1999, for allegedly bumping a parked vehicle while workinking on December 12, 1998. In that he was not given a hearing nor was the personnel action taken within the specified time allowed pursuant to Postal Regulations.

TransFORM PS Form 2570, December 1995 (Page 1 of 3)

## EEO Counselor's Checklist

Counselor Complete All Items Below That Apply and Initial Next to the Numbered Item

HAD 1. Counselor informed aggrieved of the impartial role of the counselor in the EEO complaint process. Counselor also explained the EEO process to aggrieved and provided aggrieved with the booklet, What You Need to Know About EEO, which contains an overview of the EEO process in the Postal Service. (Note: Counselor must obtain signed receipt if booklet is personally delivered. Booklets sent by mail must be sent certified, return receipt requested.)

HAD 2. Counselor notified aggrieved of his/her right to be accompanied, represented and advised by a representative of his/her choice at any stage in the complaint process. Aggrieved HAS __X__ /HAS NOT _____ designated a representative.

    Name: Ira H. Weinstock
    Position/Title: Attorney
    Address: 800 North Second Street
    Suite 100
    Harrisburg   PA   17102
    Phone No.: 717-238-6691

HAD 3. Counselor advised aggrieved of his/her right to remain anonymous during precomplaint counseling and he/she DID __X__ /DID NOT _____ waive anonymity.

_____ 4. If a mixed case, counselor informed aggrieved of the mixed case election procedures in 29 C.F.R. §1614.302(b). As of _____ (date) aggrieved HAS _____ /HAS NOT _____ filed an appeal on the same matter to the MSPB.

HAD 5. Counselor ascertained that aggrieved HAS _____ /HAS NOT __X__ filed a grievance on this issue. If grievance has been filed, counselor informed aggrieved of the Postal Service's option to defer processing the formal complaint, as outlined in 29 C.F.R. §1614.301(c).

HAD 6. Counselor explained the privacy act notice. Aggrieved signed a copy of the notice prior to the interview.

HAD 7. If age discrimination is alleged, counselor informed aggrieved of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

_____ 8. If a sex based claim of wage discrimination is alleged under Equal Pay Act (EPA), Counselor advised aggrieved person of his/her right to bypass the adminstrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.409.

_____ 9. If discrimination based on disability is alleged, counselor informed aggrieved of his/her requirement to submit disability documentation. Documentation HAS _____ /HAS NOT __X__ been submitted.

_____ 10. If aggrieved person wishes to file a class complaint, counselor explained the class complaint procedures and the responsibilities of a class agent as outlined in 29 C.F.R. §1614.204.

HAD 11. Counselor informed aggrieved person of his/her requirement to immediately notify the EEO office if his/her mailing address changes.

### Remedy Requested

Describe the Requested Remedy

Compensation as prescribed in EEOC guidelines; Age Discrimination Employment Act of 1967; Equal Pay Act of 1963; Title VII Civil Rights Act of 1964; Civil Rights Act of 1991.

TransFORM, PS Form 2570, December 1995 (Page 2 of 3)

## Counselor's Inquiry

Counselor Give Brief Summary of Inquiry (If applicable)

Management at Etters Post Office was unavailable to respond to the allegation.

Evidence of records from Personnel reveals that complainant was separated during his probationary period due to failure to report an accident on December 12, 1998. In that, he left the scene of accident without notifying the owner of the other vehicle and did not report it to Management.

Insofar as allegation that Mr. Bowman was offered and given employment over him, evidence of record reveals that Complainant and Bowman have same work history. They were both hired on the January 31, 1998 as TRCs and both terminated on July 11, 1998.

Both took the RCA test and were hired same date as RCAs - July 18, 1998. Complainant's score was higher than Bowman, but Personnel states that it is not an issue because both were hired the same date.

## Alternate Dispute Resolution Process (Counselor complete only if the ADR process is used)

| Type of ADR Process Utilized | Date(s) of ADR Session |
|---|---|
|  |  |

Disposition (Initial appropriate item and describe as necessary)

_____ Not Resolved.

_____ Partially Resolved (List issue(s) resolved during ADR and attach a copy of the settlement agreement.)

## Summary of Final Information Given to Aggrieved by Counselor

By Notice of Final Interview dated July 15, 1999, and received on July 20, 1999, complainant was advised that management was unable to respond to the allegation. On July 22, 1999, complainant filed a formal complaint of discrimination based on Age and Sex.

## Privacy Act Notice

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| EEO Counselor's Signature | Typed Name of EEO Counselor | Counselor's ID No. |
|---|---|---|
| [signature] | HUIE A. DOUGLAS | 2165 |

Counselor's Office Address (No., Street, City, State, and ZIP + 4)
EEO COMPLAINTS PROCESSING
1000 WEST VALLEY ROAD
SOUTHEASTERN     PA     19399-9411

| Office Telephone No. | Office Telephone No. |
|---|---|
| 610-964-6460 |  |

TransFORM PS Form 2570, December 1995 (Page 3 of 3)

MCC:JJT:nz

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE S. WORKINGER,          :
                              :
        Plaintiff,            :
                              : NO. 1:01-CV-130
    v.                        :
                              :
WILLIAM J. HENDERSON,         : (KANE, J.)
POSTMASTER GENERAL, U.S. POSTAL :
SERVICE, ALLEGHENY AREA,      :
                              :
        Defendant.            :

### CERTIFICATE OF SERVICE

   The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

   That this 14th day of January, 2002, she served a copy of the attached

**DEFENDANT UNITED STATES OF AMERICA'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

          George S. Workinger, Pro Se
          1170 Valley Green Road
          Etters, Pennsylvania  17319

                              Naomi Zimmerman
                              Legal Assistant

N:\NZimmerman\terz\docs\workinger brief in support.wpd