IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE S. WORKINGER, | : | CIVIL ACTION NO. 1:CV-01-130 |
| Plaintiff, | : | (Judge Kane) |
| | : | |
| v. | : | FILED |
| | : | HARRISBURG |
| WILLIAM J. HENDERSON, | : | |
| Postmaster General, | : | SEP 12 2002 |
| Defendant. | : | MARY E. D'ANDREA, CLERK |
| | | Per_____ |
| | | DEPUTY CLERK |

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's motion for appointment of counsel. There is no constitutional right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir.1997). Additionally, there is no statutory right to appointed counsel for civil litigants. Parham, 126 F.3d at 456-57; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.1993).

Despite the lack of a constitutional or statutory right to counsel, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Such appointment is discretionary. In Parham, the Third Circuit outlined the following applicable standards for appointing attorneys under 28 U.S.C. § 1915:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
> This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be

wasted on frivolous cases.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

The preliminary step, then, is to review the merits of the complaint. The Court notes that Defendant, in his Motion to Dismiss, asserts that Plaintiff has failed to state a cause of action. However, since the parties have not fully briefed their positions and since *pro se* litigants must be treated with leniency, the Court is unwilling to find the Plaintiff's complaint meritless at this time. The Court will therefore analyze the remaining Parham factors.

The Plaintiff has thus far been able to present his claims with a fair degree of clarity. In his *pro se* complaint, Plaintiff has adequately presented legal theories alleging claims for breach of the Rural Letter Carrier's collective bargaining agreement, age discrimination, and a violation of 42 U.S.C. § 1983. His filings have included references to relevant statutory authority and he has been able to adequately presented his arguments against Defense motions. The first factor of the Parham test, therefore, weighs against appointing counsel for the Plaintiff.

The majority of the remaining factors in the Parham test weigh against the appointment of counsel in this case. None of Plaintiff's three claims are extraordinarily complex, none appear to require factual investigation beyond the Plaintiff's means, and none appear to require the testimony of expert witnesses. While it is clear from the Plaintiff's motion to proceed *in Forma Pauperis* that it would be difficult for the Plaintiff to afford counsel on his own behalf, the balance of the Parham factors weighs against appointing counsel in this case.

**IT IS THEREFORE ORDERED THAT**, Plaintiff's motion to appoint counsel (Doc. No. 14), be **DENIED.**

_____
Yvette Kane
United States District Judge

Date: ___12 Sept___, 2002