IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE S. WORKINGER,** | : | CIVIL ACTION NO. 1: 01-CV-130 |
| **Plaintiff** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **WILLIAM J. HENDERSON,** | : | |
| Postmaster General, | : | |
| | : | |
| **Defendant** | : | |

FILED
HARRISBURG

MAR - 6 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

Before this Court is Defendant's motion to dismiss (Doc. No. 15). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted.

### I. Background

Plaintiff, a pro se litigant, challenges his dismissal from the United States Postal Service. This Court construes pro se complaints liberally.[1] Read together, Plaintiff's initial and amended complaints, along with all the supporting documents filed in association with his claims, allege three separate grounds for relief: 1) a violation of the Age Discrimination in Employment Act, ("ADEA") 29 U.S.C. § 623(a); 2) a violation of 42 U.S.C. § 1983; and 3) breach of the National Rural Letter Carriers Association's ("NRLCA") collective bargaining agreement. Defendant has moved to dismiss all three claims.

The facts, as construed from Plaintiff's papers, are as follows. Plaintiff was terminated from employment with the United States Postal Service on February 3, 1999. Although the Postal Service alleges Plaintiff's termination was caused by his failure to report a preventable

---

[1] See Boag v. MacDougall, 454 U.S. 364, 365 (1982); Todaro v. Bowman, 872 F.2d 43, 44 n. 1 (3d Cir. 1989).

motor vehicle accident which occurred on December 12, 1998, Plaintiff claims he was fired on the basis of his age and gender. After his termination, Plaintiff filed a grievance with the National Rural Letter Carrier's Union ("NRLCU") on February 12, 1999. It appears that this grievance was filed with the NRLCU against the Postal Service in an attempt to have the union contest his dismissal under the requirements of the collective bargaining agreement. Plaintiff also contacted an Equal Employment Opportunity Commission ("EEOC") counselor on May 26, 1999. The EEOC denied Plaintiff's complaint as untimely.

## II. Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

### A. ADEA Claim

The Age Discrimination in Employment Act is the exclusive remedy for federal employees seeking redress for age discrimination in employment. Purtill v. Harris, 658 F.2d 134, 137-38 (3d Cir. 1981). To pursue an ADEA claim, an employee who alleges age discrimination must contact an EEOC counselor within forty-five days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a). The principle of equitable tolling may extend Plaintiff's time to contact an EEOC counselor in cases: "(1) where the defendant has actively

misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Plaintiff has the burden of establishing the facts necessary to justify equitable tolling. Byers v. Follmer Trucking Co., 763 F.2d 599, 600 (3d Cir. 1985) (per curium).

Plaintiff was required to contact an EEOC counselor within 45 days of February 3, 1999. Plaintiff did not contact an EEOC counselor until May 26, 1999, after his 45 day time period had expired. Plaintiff contends that his filing a grievance with the NRLCU on February 12, 1999 satisfies all timeliness requirements of his claims. Plaintiff, therefore, appears to argue that his time period for EEOC contact should be equitably tolled since he timely asserted his rights mistakenly in the wrong forum. However, the Supreme Court has held that the utilization of collective bargaining grievance procedures does not toll running of statutory limitations period for filing a claim with the EEOC where a plaintiff was not prevented from filing a charge with EEOC within the existing limitations period. International Union of Elec., Radio and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 239-241 (1976). Plaintiff has presented no evidence indicating he was prevented from filing with the EEOC while his grievance was processed. Accordingly, his ADEA claims are not equitably tolled and are, therefore, time barred and must be dismissed.

**B. Section 1983 Claims**

While Plaintiff cites § 1983 in his original complaint, he fails to provide any detail concerning the basis of this claim. Moreover, Plaintiff appears to have abandoned his § 1983 action since he did not reiterate it in his amended complaint. However, because Plaintiff attempted to bring this claim in his initial filings, this Court will consider its merits.

Any § 1983 claim Plaintiff may attempt to assert fails as a matter of law. The exclusive remedy for federal employment discrimination claims lies under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2. To the extent that Plaintiff is asserting employment discrimination based on race, color, religion, sex, or national origin, he must bring his claim under Title VII. Brown v. General Services Administration, 425 U.S. 820, 835 (1976); Owens v. United States, 822 F.2d 408, 410 (3d Cir. 1987) (per curium). Although this Court must construe Plaintiff's pro se claims liberally, he has not presented evidence or allegations sufficient to support a Title VII action.

In order to state an adverse employment decision claim under Title VII, Plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the job in question; (3) he suffered an adverse employment decision; and (4) other employees not in the protected class were treated more favorably. See Lawrence v. National Westminster Bank, 98 F.3d 61, 65-66 (3d Cir. 1996); Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637-38 (3d Cir. 1993); Kelly v. Drexel Univ., 907 F.Supp. 864, 873 (E.D. Pa. 1995). The most detailed statement of Plaintiff's discrimination claim is contained in an EEOC form submitted as an exhibit to his complaint. This form describes the situation resulting in his allegations as "Discrimination due to age and gender (male) in that another younger male employee (James Bowman, age 39) was offered and given employment (Route 7) over me, even though my RCA test scores were higher and we had equal seniority status." (Doc. No. 4, EEO Complaint of Discrimination in the Postal Service). Plaintiff has not alleged facts sufficient show that employees not in his protected class were treated more favorably then him since he claims he was replaced by another male. Plaintiff's §1983 claim, therefore, cannot be interpreted as a Title VII action and must be dismissed.

**C. Breach of Collective Bargaining Agreement**

Plaintiff asserts his termination violated the procedural requirements of the NRLCA collective bargaining agreement. Specifically, Plaintiff asserts that under this agreement, the Postal Service was required to take action against him within 30 days of his alleged motor vehicle accident and that the Postal Service was required to grant him a hearing to determine the facts of that incident. Even assuming that these conditions are set forth in the collective bargaining agreement and that these conditions were applicable to Plaintiff at the time of his dismissal, Plaintiff has failed to state a claim upon which relief can be granted.

Generally, the United States is immune from suit unless there is a statutory waiver of sovereign immunity. United States v. Mitchell, 455 U.S. 535. 538 (1980). Plaintiff's claims for breach of collective bargaining agreement are best interpreted under 39 U.S.C. §1208(b), which states: "Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." 39 U.S.C. §1208(b). This provision has been interpreted to allow individuals to sue the Postal Service. See, e.g., Bacashihua v. United States Postal Service, 859 F.2d 402, 405 (6th Cir. 1998); Trent v. Bolger, 837 F.2d 657, 659 (4th Cir. 1988).

However, for Plaintiff to prevail in his suit against the Postal Service, he must allege and prove both that the union breached its duty of fair representation under the collective bargaining agreement and that the employer breached its duty under the collective bargaining agreement.

> To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

5

DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983). A breach of the duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967) (citations omitted). Although Plaintiff claims he filed a grievance with the union to contest his termination, none of his papers claim breach of the union's duty or even expresses dissatisfaction with the union's conduct towards him. Moreover, Plaintiff's papers do not even indicate how his grievance was resolved. Under DelCostello, regardless of whether Plaintiff chooses to bring a claim against the NRLCU, he must allege facts that would support such a claim in order to bring a claim against the Postal Service for breach of the collective bargaining agreement. Plaintiff has failed to allege or present facts indicating that the NRLCU breached its duty of fair representation. Therefore, Plaintiff does not present a cognizable claim under §1208(b).

### III. Order

Accordingly, **IT IS ORDERED THAT** Defendant's motion to dismiss (Doc. No. 15) is **GRANTED**. The Clerk of Court shall close the file.

_____
Yvette Kane
United States District Judge

Dated: March 6, 2003